HARRIET F. SAYLES *vs.* DANIEL FANNING.

The " accusation and examination " of a complainant in a bastardy process, under the Rev.
Sts. *c.* 49, § 1, may be reduced to writing by another person in the magistrate's absence
before the examination.
A difference between the examination of a complainant under the bastardy act, by the
magistrate, and her subsequent complaint to the court, in stating the time when the
child was begotten, is not a fatal defect in the process.

BASTARDY PROCESS.  The complainant, who was· an infant,
prosecuted the suit by her father as her next friend.

At the trial in the court of common pleas at December term
1858, before *Mellen,* C. J., the justice of the peace before whom
the proceedings were instituted identified a paper, entitled " the
voluntary accusation and examination of Harriet F. Sayles," as
the complaint sworn to by her before him ; and testified that
he examined the complainant.  On cross-examination he testi-
fied " that the paper produced was not in his handwriting ; that
it was not written in his presence, and he was not sure whether
it was signed in his presence or not; but that the complainant
and her father either signed it in his presence or acknowledged
their signatures to him, and she made oath to it before him ; and
that he examined the plaintiff carefully verbally, but not in writ-
ing, except as above stated."  The respondent objected to the
admission of this paper as the " accusation and examination "
which the Rev. Sts. *c.* 49, § 1, provide that " the said justice
shall take, in writing, under oath."  But the court admitted it.

The complaint alleged that the child was begotten on the
16th of November 1857, and the declaration filed in the court of
common pleas, that it was begotten on the 15th of October
1857.  The respondent contended that the papers were informal
and defective in this respect, and objected to the introduction of
any testimony.  But the court overruled the objection.

The respondent being found guilty, alleged exceptions.

*G. F. Verry,* for the respondent, cited Rev. Sts. *c.* 49, § 1 ;
*Drowne* v. *Stimpson,* 2 Mass. 441 ;. *Stiles* v. *Eastman,* 21 Pick
132 ; *Wiley* v *Yale,* 1 Met. 553.

*P. P. Todd,* for the complainant.

SHAW, C. J.   The examination was sufficient; the magistrate having examined the complainant on oath carefully and fully to all the material averments.   The paper is entitled " the accusation and examination."   No law requires that the result of the examination shall be committed to writing by the magistrate or by any one in his presence.

As to the discrepancy between the complainant's statement of time in her examination, and in her subsequent complaint to the court of common pleas, it is a difference of statement, which affected only her credit.        *Exceptions overruled.*